UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

               Plaintiff,

          -against-

BERNARD JAMES and CORLETTE NY
RESTAURANT & LOUNGE, INC.
d/b/a CORLETTE NY,

               Defendants.
-----------------------------------------------------------------X

**ORDER**

17-CV-5359 (NGG) (ST)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff J & J Sports Productions, Inc., initiated this action on September 12, 2017, asserting claims under Sections 553 and 605 of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. §§ 553, 605, against Defendants Bernard James and Corlette NY Restaurant & Lounge, Inc. d/b/a Corlette NY. (Compl. (Dkt. 1).) Plaintiff previously moved for default judgment against each Defendant, requesting that both be held liable for the unauthorized broadcast of a pay-per-view event licensed to Plaintiff in violation of Section 605 of the FCA. (See Mot. for Default J. as to Def. Corlette NY Restaurant & Lounge, Inc. (Dkt. 10); Mot. for Default J. as to Def. Bernard James (Dkt. 14).) The court referred both motions to Magistrate Judge Steven Tiscione for a Report and Recommendation ("R&R"). (See Apr. 20, 2018 Order; May 17, 2018 Order.) On July 25, 2018, Judge Tiscione issued an R&R in which he recommended that the court grant Plaintiff's motions, award appropriate damages, and allow Plaintiff to submit a motion for attorneys' fees and costs within fourteen days of the Clerk of Court's entry of judgment (the "July 25 R&R"). (See July 25, 2018 R&R (Dkt. 15).) The court adopted the July 25 R&R (Order Adopting R&R (Dkt. 17)), and the Clerk of Court entered judgment (Clerk's J. (Dkt. 18)).

1

Plaintiff timely filed the motion for attorneys' fees and costs (the "Motion"). (See Mot. for Attorneys' Fees and Costs ("Mot.") (Dkt. 19).) The court referred the Motion to Judge Tiscione for an R&R. (Sept. 5, 2018 Order.) On March 5, 2019, Judge Tiscione issued an R&R in which he recommended that the court deny Plaintiff's request for attorneys' fees, but grant some of its requested costs, for a total award of $1,043.45 (the "March 5 R&R"). (See March 5, 2019 R&R (Dkt. 20).)

Judge Tiscione explained that under Section 605 of the FCA, the district court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" on a claim brought pursuant to the section. (Id. at 2 (citing 47 U.S.C. § 605(e)(3)(B)(iii)).) However, when an attorney fails to keep "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done," (id. (quoting Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 148 (2d Cir. 2014) (alterations in original) (internal quotation marks and citation omitted))), a motion for attorneys' fees must ordinarily be denied in its entirety (id. (citing Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010))). Here, Plaintiff submitted time records of the work purportedly conducted by his attorneys and paraprofessional staff, but it is clear that these records are not contemporaneous (id. (citing Mem. in Supp. of Mot. ("Mem.") (Dkt. 19-1) at 2-4; Decl. of Thomas P. Riley, Esq. ("Riley Decl.") (Dkt. 19-2) ¶ 6)), and there is no evidence that contemporaneous records exist (id. (citing Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (holding that records that are reconstructed versions of existing contemporaneously kept records can support an award of attorneys' fees))). Judge Tiscione also noted that none of the limited exceptions to the requirement of contemporaneous time records are present here. (Id. at 3-4.) Plaintiff has presented no evidence that

2

contemporaneous billing records were destroyed by forces beyond Plaintiff or its attorneys' control, nor that Plaintiff's attorneys kept such records in the first place. (Id. at 4 (citing Scott, 626 F.3d at 134 (discussing "rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application"); Lopalo, 767 F.3d at 149 (finding that it was clear error to deny fees without further inquiry into timekeeping practices where parties disputed whether attorney's particular method of timekeeping qualified as "contemporaneous")).) Moreover, Plaintiff's attorneys never appeared before the court, so it is not possible to compensate them for such time. (Id. (citing Scott v. City of New York, 643 F.3d 56, 59 (2d Cir. 2011) (observing that time when attorney was "physically before the district court" could be compensated by an award of attorneys' fees)).)

With respect to costs, Judge Tiscione noted that a prevailing plaintiff in an action under Section 605 of the FCA is entitled to an award of "full costs." (Id. at 5 (citing 47 U.S.C. § 605(e)(3)(B)(iii); Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d 59, 66-68 (E.D.N.Y. 2006) (discussing the scope of "full costs" under the statute)).) In support of its request, Plaintiff submitted a ledger of costs and invoices of payments to an investigative agency and process servers. (Id. (citing Riley Decl. at 9-18).) Judge Tiscione determined that Plaintiff not be rewarded for investigative costs because Plaintiff had failed to make the required showing of "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." (Id. (citing Autar, 426 F. Supp. 2d at 67 (internal quotation marks, citation, and brackets omitted); Joe Hand Promotions, Inc. v. Elmore, No. 11-CV-3761 (KAM), 2013 WL 2352855, at *13 (E.D.N.Y. May

29, 2013)).) Judge Tiscione recommended awarding Plaintiff's pro hac vice fees because both Plaintiff's attorney and the Defendant appear to be located in the State of California, evincing a connection between the case and a foreign jurisdiction. (Id. at 6 (citing Harty v. Par Builders, Inc., No. 12-CV-2246 (CS), 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016)).) Judge Tiscione found the remaining costs reasonable. (Id.)

No party has objected to the March 5 R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court therefore reviews the March 5 R&R for clear error. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (internal quotation marks and citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)).

Finding no clear error, the court ADOPTS IN FULL the March 5 R&R (Dkt. 20). Plaintiff's request for attorneys' fees is DENIED, but the court AWARDS Plaintiff costs in the amount of $1,043.45.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge